UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Case No. 06-CV-02725 PAM/JSM

Phillip David Schaub,

        Plaintiff,

vs.  **RULE 26(f) REPORT**

The County of Olmsted, Olmsted County Adult
Detention Center; Steven VonWald;
Bernard Sizer; John Does 1-6,

        Defendants.

      The parties/counsel identified below participated in the meeting required by Fed.R.Civ.P. 26(f), on April 12, 2007, to prepare the following report.

      The pretrial conference in this matter is scheduled for May 9, 2007, at 11:45 a.m. in Room 8E, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. The parties request that the pretrial be held by telephone.

    (a)    Description of Case

        (1)    Concise Factual Summary of Plaintiff's Claims;

            Plaintiff intends to prove that at the time he was incarcerated at the Olmstead County Adult Detention Center the defendants herein violated the Plaintiff's constitutional rights in that he was not provided with proper medical care, supplies, and devices necessary for the treatment and care of his condition.

        (2)    Concise Factual Summary of Defendants' claims/defenses;

            Defendants intend to prove that Plaintiff was at all times provided with proper medical care and treatment during the time he was incarcerated at the Olmsted County Adult Detention Center and that none of his rights were violated.

  (3)  Statement of Jurisdiction (including statutory citations);

    The jurisdiction of this court is invoked pursuant to the provisions of 42 U.S.C. § 1983, 28 U.S.C. § 1983, 28 U.S.C.§ 1331 (b) which presents a federal question and 28 U.S.C. § 1343 (a)(3) brought to address the deprivation under the color of state law of rights, privileges and immunities, secured by the Constitution and laws of the United States.  The Court has jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

  (4)  Summary of Factual Stipulations or Agreements;

    None as of the present time.

  (5)  Statement of whether jury trial has been timely demanded by any party.

    A jury trial was timely demanded by Plaintiff.

(b) Pleadings

  (1)  Statement of whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action;

    All parties have been served.  Additional parties may be added at a later date.

  (2)  Proposed date by which all hearings on motions to amend and/or add parties to the action shall be heard;

    Date:  Thirty days beyond completion of discovery.

(c) Discovery Limitations

  (1)  The parties agree and recommend that the Court limit the use and numbers of discovery procedures as follows:

    (A)  50  interrogatories;
    (B)  30  document requests;
    (C)  15  factual depositions;
    (D)  30  requests for admissions;

    (E) <u>2-3</u> Rule 35 medical examinations;
    (F) <u>N/A</u> other.

 (d) Discovery Schedule/Deadlines

  (1) The parties recommend that the Court establish the following discovery deadlines:

   (A) <u>April 16, 2008</u> deadline for completion of non-expert discovery, including service and response to interrogatories, document requests, requests for admission and scheduling of factual depositions;

   (B) <u>February 16, 2008</u> deadline for completion of all Rule 35 medical examinations;

   (C) The parties gave agreed on a discovery deadline of April 16, 2008. However, the court is hereby advised that Plaintiff counsel is pregnant and is due on September 1, 2007. The parties have agreed that the deadline may have to be extended accordingly.

 (e) Experts

The parties anticipate that they will require expert witnesses at time of trial.

  (1) The plaintiff anticipates calling <u>2-3</u> (number) experts in the fields of medicine, detention facilities standards of care, design and use.

  (2) The defendants anticipate calling <u>2-3</u> (number) experts in the fields of medicine, detention facility standards of care, detention facility design and use.

  (3) The parties pursuant to Local Rule 26.3(a), recommend the disclosure and discovery option as follows:

The parties recommend that all experts be identified in writing by January 16, 2008. The parties recommend that the substance of the testimony to be offered by such testifying experts be disclosed by March 16, 2008.

    (4)    The parties recommend that the Court establish the following deadlines for disclosure of experts and experts' opinions consistent with Rule 26(a)(2) as modified by Local Rule 26.3:

        (A)    Deadlines for all parties' identification of expert witnesses (initial and rebuttal). (Fed. R. Civ. P. 26(a)(2)(A).)
<u>January 16, 2008</u>

        (B)    Deadlines for completion of disclosure or discovery of the substance of expert witness opinions.
<u>March 16, 2008</u>

        (C)    Deadlines for completion of expert witness depositions, if any.
<u>April 16, 2008</u>

(f)    Motion Schedule

    (1)    The parties recommend that motions be filed and served on or before the following date:

        (A)    <u>April 16, 2008</u> non-dispositive motions;

        (B)    <u>June 16, 2008</u> dispositive motions.

(g)    Trial-Ready Date
    (1)    The parties agree that the case will be ready for trial on or after
<u>August 16, 2008</u>;

    (2)    A final pretrial conference should be held on or before
<u>July 16, 2008</u>.

(h)    Insurance Carriers/Indemnitors

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

None.

(i)    Settlement

    (1)    The parties will discuss settlement before May 9, 2007, the date of the initial pretrial conference, by the plaintiff making a written

        demand for settlement and each defendant making a written response/offer to the plaintiff's demand.

    (2)    The parties believe that a settlement conference is appropriate and should be scheduled by the Court before <u>April 16, 2008</u>.

    (3)    The parties have discussed whether alternative dispute resolution (ADR) will be helpful to the resolution of this case and recommend the following to the Court:

        Mediation at a time to be determined.

(j)    Trial by Magistrate Judge

    (1)    The parties have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent should be filed with the Rule 26(f) Report.)

Dated: April 27, 2007.

        LAW OFFICES OF ANTHONY J. COLLELUORI
        & ASSOCIATES, PLLC


        By:   s/ Diane C. Petillo
             Diane C. Petillo
             Registration No. DP0336

        Attorneys for Plaintiff
        180 Froehlich Farm Blvd.
        Woodbury, NY 11747
        Telephone: (516) 741-3400
        Facsimile: (516) 921-8845

Dated:  April 27, 2007.

                              DUNLAP & SEEGER, P.A.

                              By:   s/ Gregory J. Griffiths
                                    Gregory J. Griffiths
                                    Attorney Reg. No. 185553

                              Attorneys for Defendants
                              206 S. Broadway, Suite 505
                              Post Office Box 549
                              Rochester, MN  55903-0549
                              Telephone:  (507) 288-9111
                              Facsimile:  (507) 288-9342