# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| PHILLIP DAVID SCHAUB, | Civil No. 06-2725 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ON ATTORNEY FEES AND COSTS** |
| COUNTY OF OLMSTED, THE, OLMSTED COUNTY ADULT DETENTION CENTER, STEVEN VONWALD, BERNIE SEIZER, and JOHN DOES 1-6, | |
| Defendants. | |

Anthony J. Colleluori and Diane C. Petillo, **LAW OFFICE OF ANTHONY J. COLLELUORI**, 180 Froehlich Farm Boulevard, Woodbury, NY 11797; and Steven M. Corson, **CORSON LAW OFFICES, LLC**, P.O. Box 65, Preston, MN 55965, for plaintiff.

Gregory J. Griffiths, **DUNLAP & SEEGER**, P.O. Box 549, Rochester, MN 55903, for defendants.

Plaintiff Phillip David Schaub filed suit against the Olmsted County Adult Detention Center ("ADC"), where he was imprisoned in 2003, as well as Olmsted County and various ADC employees. A paraplegic, Schaub alleged that the facility was deliberately indifferent to his serious medical needs. Schaub asserted constitutional violations under the Eighth Amendment and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), as well as claims under the Americans with Disabilities Act ("ADA"). After a

bench trial, the Court[1] granted judgment in favor of Schaub on his Eighth Amendment claims against defendant Steven VonWald, the director of the ADC during Schaub's incarceration. The Court awarded Schaub damages in the amount of $964,000, including $750,000 in punitive damages. (Docket No. 102.) The Court entered judgment for the defendants on the *Monell* and ADA claims, however.[2] Before the Court are two motions for attorney fees and costs submitted by Schaub's counsel, the Law Office of Anthony J. Colleluori ("Colleluori") and the Corson Law Offices ("Corson"), arising out of their representation of Schaub through trial and the instant motions.

## ANALYSIS

### I.   REASONABLE ATTORNEY FEES

Pursuant to 42 U.S.C. § 1988, "[i]n any action or proceeding to enforce a provision of [section 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." The Court's analysis of what constitutes a reasonable attorney fee begins with what is called the "lodestar" amount: the reasonable number of hours worked by the prevailing party's attorney multiplied by a reasonable hourly rate for that attorney's services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of attorney fees must submit adequate evidence to demonstrate the hours worked and rates claimed. *Id.* at 437.

---

[1] The Honorable James M. Rosenbaum presided over this matter until his retirement following the bench trial. (Docket No. 157.)

[2] The Eighth Circuit subsequently affirmed both the judgment and the punitive damages award. *See Schaub v. VonWald*, No., No. 10-1280, 2011 WL 1545455 (Apr. 26, 2011).

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433. In addition, the Court must exclude claimed hours that were not "reasonably expended[,]" such as hours that are "excessive, redundant, or otherwise unnecessary . . . ." *Id.* at 434.

The Court may consider numerous other factors in calculating a reasonable fee, however, including:

> (1) the time and labor required; (2) the novelty or difficulty of the issues; (3) the skill required of the attorney to properly perform legal services; (4) preclusion of other employment due to acceptance of the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the experience, reputation, and ability of the attorney; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases.

*Westendorp v. Ind. Sch. Dist. No. 273 (Edina, MN)*, 131 F. Supp. 2d 1121, 1125 (D. Minn. 2000) (citing *Zoll v. E. Allamakee Cmty. Sch. Dist.*, 588 F.2d 246, 252 n.11 (8th Cir. 1978)). "[T]he most critical factor [in determining an attorney fees award] is the degree of success obtained." *Hensley*, 461 U.S. at 436; *see also Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997). Where, as here, a plaintiff prevails on only some of his claims for relief,

> two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?
>
> . . . .
>
> [In some civil rights actions,] the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole,

> making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley*, 461 U.S. at 434-35. "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37.

Schaub has requested attorney fees in the amount of $352,200 for Colleluori, a New York-based firm, representing a total of 824.45 hours by three attorneys: Anthony Colleluori, Diane Petillo, and Noel Munier. The hourly rates proposed are, respectively, $550, $450, and $225. These are the rates charged by these attorneys as of December 2009, although Anthony Colleluori's rate is generally $600 per hour. *See Missouri v. Jenkins*, 491 U.S. 274, 283 (1989) (finding it appropriate to apply current rates rather than retrospective rates to account for delay in payment). Schaub has requested attorney fees in the amount of $112,585 for attorney Steven Corson, reflecting an hourly rate of $500 per hour.

Schaub's submissions include an affidavit of Anthony Colleluori detailing each Colleluori attorney's background, education level, and expertise, and an affidavit of Steven Corson describing his status as the only law firm in Stewartville and his extensive litigation experience. (Aff. of Anthony J. Colleluori, Docket No. 120; Attorney Corson's Reply Aff., Docket No. 153.) However, a fee applicant must "produce satisfactory evidence – **in addition to the attorney's own affidavits** – that the requested rates are in

line with those **prevailing in the community** for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) (emphasis added). Schaub has submitted no evidence regarding the prevailing rate for similar services by comparable lawyers in either Rochester, Minnesota, where Schaub's injuries occurred, or Minneapolis, Minnesota, where the case was tried. Accordingly, defendants[3] argue that the claimed hourly rates are unreasonable.[4] They cite the affidavit of Mark Stephenson, an attorney in Rochester whose practice includes a focus on civil rights issues and who estimated a rate of $150 to $250 per hour for local civil rights trial attorneys; according to Stephenson, moreover, Corson's normal hourly rate is $150 per hour. (Aff. of Mark G. Stephenson, Jan. 28, 2010, Docket No. 115.)

Schaub's proposed rates, however, are similar to those recently deemed reasonable in civil rights enforcement actions and related cases in this district, although Anthony Colleluori and Steven Corson's rates are on the higher end of the scale. *See, e.g.*, *Madison v. Willis*, No. 09-930, 2011 WL 851479, at *1 & n.4 (D. Minn. Mar. 9, 2011) (approving rates ranging from $180-$600 per hour but noting that "$600 per hour is on the very upper end of what is reasonable in the prevailing community" and that it was

---

[3] While judgment was entered against only one defendant, VonWald, defendants collectively object to the attorney fees.

[4] In addition, defendants have challenged as untimely Schaub's request for attorney fees incurred by his lead counsel Colleluori. Schaub's motion was submitted beyond the deadline established by the Court, but in accordance with Local Rule 54.3. While the Court does not condone failures to comply with judicial orders, the Court will excuse the untimeliness of this submission; to do otherwise would unjustly deprive Schaub of an attorney fee award for his lead counsel's years of labor on this challenging case.

ascribed to the managing partner who runs the civil rights group at his firm); *Phenow v. Johnson, Rodenberg & Lauinger, PLLP*, No. 10-2113, 2011 WL 710490, at *2 (D. Minn. Mar. 1, 2011) (approving rate of $350 per hour); *Hixon v. City of Golden Valley*, No. 06-1548, 2007 WL 4373111, at *2 (D. Minn. Dec.13, 2007) (approving rate of $400 per hour); *King v. Turner*, 05-CV-0388, 2007 WL 1219308, at *2 (D. Minn. Apr. 24, 2007) (approving rate of $500 per hour).

Moreover, while the Court might otherwise be inclined to reduce the hourly rates requested because of the dearth of evidence proffered to support the rates, the Court concludes that these rates are justified by several unusual circumstances of this case. In particular, it was extraordinarily difficult for Schaub to obtain representation, as evidenced by his affidavit in which he states that he sent over 1000 inquiries to attorneys and received over 200 written denials. (Aff. of Phillip Schaub, Ex. A, Docket No. 103.) Schaub had no money to advance towards litigation expenses, and all attorney fees in this case were contingent on the successful prosecution of Schaub's claims. Taking as true the assertions in the affidavits filed by Schaub, after Colleluori agreed to represent Schaub despite being based in New York, he struggled to find local counsel. The first local counsel backed out shortly before Schaub's deposition and Corson was therefore retained on short notice. Counsel was required to expend additional resources in accommodating Schaub's disabilities, including but not limited to the extensive costs of special transportation arrangements from Rochester to Minneapolis.

Additionally, Schaub was a convicted sex offender accusing a local jail of violating his civil and constitutional rights, a very difficult set of claims for a plaintiff to

prove. *See King*, 2007 WL 1219308, at *1 ("[T]he Supreme Court has compared the complexity of civil rights litigation to antitrust litigation." (citing *Hensley*, 461 U.S. at 430 n.4.)). The judgment ultimately obtained by Schaub greatly exceeded defendants' Rule 68 offer of $40,000 six weeks before trial. While devoting substantial resources to this challenging, high-risk litigation, counsel was required to turn down other, non-contingent work. There is little doubt but that Schaub's injuries would have gone uncompensated but for counsels' efforts over a period of several years. In sum, the Court concludes that the proposed hourly rates for attorney fees charged by Colleluori, Schaub's lead counsel, are reasonable in these unique circumstances. Because the only evidence on record suggests that Corson's typical rate is $150 per hour and because he was not the lead counsel on this case, however, the Court finds that a slightly reduced rate of $400 per hour is reasonable for the work conducted by Corson. *See Alexander v. City of Minneapolis*, 545 F. Supp. 586, 589-90 (D. Minn. 1982) (reducing attorney's hourly rate to reflect his limited role as second chair at trial).

Defendants have also challenged the reasonableness of counsels' claimed hours. Some of defendants' specific objections to Colleluori's fees include the thirty-five hours Colleluori expended in preliminary research and other activities prior to filing the complaint, two hours devoted to interoffice communications regarding medical records, and time spent revising Colleluori's retainer agreement. After a careful review of the submitted charges, the Court concludes that they are reasonable and sufficiently detailed. To the extent that a few charges – such as 14.4 hours spent relating to a motion seeking to enlarge the time to complete discovery – may be somewhat unreasonable or excessive,

the Court concludes that any minor reduction in the lodestar would be compensated for by an appropriate enhancement of the attorney fee award based on the case-specific factors discussed above. Likewise, while defendants' challenge to Corson's submission on the ground of incompleteness is not without merit, the Court concludes that whatever minor degree of unreasonableness may exist in Corson's billing should not serve to reduce the fee for his work given the circumstances of litigating this case.

The Court recognizes that Schaub did not prevail on all of his claims. However, the Court concludes that the claims on which Schaub failed to prevail were intricately related to the claim on which he succeeded, arising as they did out of the same factual circumstances and related legal theories. Further, the level of success he achieved – a nearly million dollar award – makes the hours reasonably expended a satisfactory basis for a fee award. *See Jenkins*, 127 F.3d at 716 ("If the plaintiff has won excellent results, he is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which he did not win."). Defendants offer no argument or evidence to the contrary.

Accordingly, taking into account all of the factors discussed above and after a careful review of the record, the Court concludes that Schaub is entitled to $352,220 in attorney fees for Colleluori's work. The Court concludes that Schaub is entitled to $90,068 in attorney fees for Corson's work, representing a reduction in the requested amount of $112,585.

## II.    REASONABLE COSTS

A prevailing party is entitled to his costs as a matter of course under Federal Rule of Civil Procedure 54(d)(1). Defendants have not objected to any costs submitted by Colleluori, and the Court finds them reasonable. However, defendants argue that the Court should disallow $2,338.28 in costs submitted by Corson as they are supported only by a letter from another law firm that previously represented Schaub. There is no invoice or other documentation to justify those costs, and the Court will therefore disallow them. Accordingly, the Court concludes that Schaub is entitled to $8,828.50 in costs submitted by Colleluori. The Court concludes that Schaub is entitled to $2,703.18 in costs submitted by Corson, representing a reduction in the requested amount of $5,041.46.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion for an Award of Costs, including Reasonable Attorneys' Fees [Docket No. 118] is **GRANTED.** The Law Office of Anthony J. Colleluori is awarded attorney fees in the amount of $352,220 and costs in the amount of $8,828.50.

2.    The Motion for Award of Steven Corson's Attorney Fees and Costs [Docket No. 103] is **GRANTED in part** and **DENIED in part**. The Corson Law Offices is awarded attorney fees in the amount of $90,068 and costs in the amount of $2,703.18.

3.  Within thirty days defendant Steven VonWald shall remit to plaintiff a total amount of $453,819.68 for reasonable attorney fees and costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: August 19, 2011   _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
                                  United States District Judge